COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SELENA E. MOLINA
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report:    June 28, 2022
Date Submitted: March 30, 2022

Edward J. Fornias, III, Esquire          Lisa R. Hatfield, Esquire
Law Office of EJ Fornias, PA             Connolly Gallagher LLP
615 W. 18th Street                       267 East Main Street
Wilmington, DE 19802                     Newark, DE 19711

Re:    *Estates of Red Lion Maint. Corp. v. Frank R. Broome, et al.*,
       C.A. No. 2020-0916-SEM

Dear Counsel:

The parties dispute whether homeowners may park a commercial van at and

on their property in Bear, Delaware.  This dispute is ripe for summary judgment

because the commercial van limitations in the applicable declaration are

unambiguous and there are no disputes of material fact.  Applying the unambiguous

limitations to the van at issue, I find the van is expressly permitted and judgment

should be entered in favor of the homeowners.  This is my final report.

I.     BACKGROUND

This dispute arose within the development known as the Estates of Red Lion

(the "Development").[1]  The Estates of Red Lion Maintenance Corp. (the "Plaintiff")

---

[1] *See* Docket Item ("D.I.") 1.

is responsible for maintaining the private open space within the Development.[2]

Property within the Development is also subject to restrictions set forth in a declaration of restrictions (the "Declaration")[3] and an amendment to the Declaration (the "First Amendment").[4] In pertinent part, the First Amendment provides:

> Prohibited Vehicles. No trucks, buses, travel trailers, boat trailers, boats, utility trailers, commercial vans, tractors, campers or vehicles immobilized for any reason, shall be kept or maintained on any street, Lot or driveway, except that pick-up trucks up to and including three-quarter (3/4) ton and enclosed vans and sport utility vehicles up to 10,000 pounds G.V.W. shall be permitted, provided they do not exceed a height of seven (7) feet.[5]

Frank R. Broome and Marcell C. Kellman-Broome (together, the "Defendants"), who own real property within the Development, at 131 N. Gabriel Drive, Bear, DE 19701 (the "Property"), are accused of violating this restriction.[6] The vehicle at issue is a 2006 Chevrolet Express van (the "Van").[7] Mr. Broome uses the Van for his business, it is less than 10,000 pounds G.V.W, and it has a rack on

---

[2] D.I. 1 ¶ 1.

[3] D.I. 26, Ex. 1.

[4] D.I. 26, Ex. 2.

[5] *Id.*

[6] D.I. 1 ¶ 15.

[7] D.I. 26, Ex. 7.

its roof, housing a ladder.[8]   Although Mr. Broome uses the ladder for his business,

it remains affixed to the roof of the Van while parked in the Defendants' driveway.[9]

Without the rack and ladder, the Van is 82 inches, less than seven (7) feet tall.[10]

With the rack and ladder, it is over seven (7) feet tall.[11]

The board of directors of the Development (the "Board") first raised concerns

about the Van in 2018.[12]   On June 10, 2018, they sent a letter to the Defendants

informing them the Van violated the prohibited vehicles restriction in the First

Amendment.[13]   The Board requested that the Defendants "take immediate action to

remove" the Van.[14]   At some point in time, the original developer of the

---

[8] D.I. 26, Exs. 6-7.

[9] *See* D.I. 35 ("Tr.") 9:15-20, 14:7-11.  There appears to be a dispute regarding how often Mr. Broome uses the ladder (*see* Tr. 9:15-20), but the frequency of his use is not material to the issue before me.

[10] D.I. 26, Ex. 7.

[11] D.I. 26 ¶ 8.  It is unclear if the rack, without the ladder, brings the vehicle over seven (7) feet or if it is the addition of the removable ladder that does so. *See* Tr. 10:8-11:2. The "Plaintiff has not had the opportunity and hasn't pursued the matter of trying to measure [the rack]." Tr. 10:13-15. But there is no dispute that "the vehicle itself, without the rack, without the ladder, would be acceptable." Tr. 10:19-20.

[12] There is a factual dispute whether the Van has been parked at the Property for 14 years, or whether Mr. Broome had a different van that the Board questioned. *See, e.g.*, Tr. 8:13-23. This dispute is not material to the issue before me.

[13] D.I. 26, Ex. 5.

[14] *Id.*

Development, D. M. Peoples Investment Corp. ("Peoples"), became involved.[15]  In a letter dated September 20, 2018, addressed to the Board, Paul S. Manubay, the Vice President of Peoples, explained:

> The [Declaration and the First Amendment] were written to protect the aesthetic appearance of the neighborhood in the interest of protecting the homeowner's investment, not to create any undue burden on the homeowners.  Several years ago I spoke with our lawyer concerning a similar complaint in one of our other developments, a vehicle that the maintenance association considered oversize and commercial. He clarified that a ladder rack is an "appendage" to the van and basically transparent.  The van without the ladder does not exceed the 7-foot height requirement.[16]

Mr. Manubay continued, "the original intent of this Section was to keep homeowners from parking large commercial type vehicles at their property. A commercial van was meant to be a box type truck."[17]  He concluded, "[i]t is my hope that you will reconsider Mr. Broome's request to park his company vehicle/van in his driveway. We do not believe he is in violation of the [Declaration and the First Amendment]."[18]

---

[15] As the Defendants explained it in their interrogatory responses, Mr. Broome stopped by the Peoples office in September 2018, spoke to Desi Moxley about the alleged violation, and that conversation "resulted in" the September 20, 2018 letter from Mr. Manubay to the Board. D.I. 26, Ex. 6.

[16] D.I. 34, Ex. 1.

[17] *Id*.

[18] *Id*.

But the Board, presumably, disagreed, at least in part. On July 1, 2019, the Board wrote to the Defendants again with concerns. In this letter, the Board referenced an agreement with the Defendants "to cover the signage on the [V]an to remain in compliance with the [First Amendment]."[19] The Board noted the signage had not been covered as agreed and requested the Defendants "take immediate action to comply with the agreement to cover the signage."[20] A nearly identical letter was sent on April 4, 2020.[21]

Unable to resolve their disputes, on October 26, 2020, the Plaintiff filed the underlying complaint seeking injunctive relief.[22] The Plaintiff seeks a mandatory injunction to remove the Van from the Property and a prohibitory injunction to keep the Defendants from maintaining commercial vans on the Property in the future.[23] The Plaintiff further requests that attorneys' fees and court costs be shifted.[24] The Defendants answered on December 9, 2020.[25]

---

[19] D.I. 26, Ex. 5.

[20] *Id.*

[21] *Id.*

[22] D.I. 1. After the complaint was filed, Mr. Broome contacted Desi Moxley again and Mr. Manubay sent a letter to counsel for the Defendants reiterating his view that the Van did not violate the Declaration or the First Amendment. D.I. 26, Ex. 6; D.I. 34, Ex. 1.

[23] D.I. 1.

[24] *Id.*

[25] D.I. 9.

Initially, this matter was referred to mandatory mediation under 10 *Del. C.* § 348.[26] Unfortunately, mediation was unsuccessful, and the parties did not resolve their disputes.[27] Discovery commenced, albeit slowly.[28] On February 10, 2022, the Plaintiff moved for summary judgment.[29] The Defendants responded with a cross-motion on February 28, 2022.[30] The motion and cross-motion were heard on March 29, 2022, and I took the matter under advisement when the Defendants filed the supplement I requested on March 30, 2022.[31]

## II.    ANALYSIS

Summary judgment may be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[32] "Where, as here, the parties have filed cross-motions for summary judgment and have not argued that a material issue of fact exists, 'the Court shall deem the motions

---

[26] D.I. 4, 6.

[27] D.I. 10.

[28] *See, e.g.*, D.I. 15. Frustrated with the delay, on December 3, 2021, the Defendants filed a motion to dismiss this action for failure to comply with 10 *Del. C.* § 348(c). D.I. 22. That motion was withdrawn. Tr. 20:16-22.

[29] D.I. 26.

[30] D.I. 31.

[31] *See* D.I. 34, Tr. 23:14-18 (directing "whoever can do it quickly and easily" to file the letters referenced by the Defendants' counsel).

[32] Ct. Ch. R. 56(c).

to be the equivalent of a stipulation for decision on the merits based on the record submitted with the motions.'"[33]

The question before me is simple—does the First Amendment prohibit the Van? To answer it, I must first determine what the First Amendment prohibits by interpreting it "under principles of contract."[34] If the terms used are "clear and unambiguous" they will be given their ordinary meaning.[35] But "[a] contract is not rendered ambiguous simply because the parties do not agree upon its proper construction."[36] Ambiguity exists, instead, "[w]hen the provisions in controversy are fairly susceptible of different interpretations or may have two or more different meanings."[37] Only if there is an ambiguity may I "look beyond the language of the contract . . . ."[38] I must also be cognizant while applying general contract interpretation principles, that "[u]nder Delaware law, restrictive covenants affecting

---

[33] *Lyons Ins. Agency, Inc. v. Wilson*, 2018 WL 4677606, at *5 (Del. Ch. Sept. 28, 2018).

[34] *Pike Creek Recreational Servs., LLC v. New Castle Cty.*, 238 A.3d 208, 216 (Del. Super. 2020), *aff'd*, 259 A.3d 724 (Del. 2021).

[35] *GMG Capital Inv., LLC v. Athenian Venture P'rs I, L.P.*, 36 A.3d 776, 780 (Del. 2012) (citing *Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 145 (Del. 2009)).

[36] *Rhone–Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1195 (Del.1992).

[37] *Eagle Indus., Inc. v. DeVilbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del.1997).

[38] *Id.*

real property, such as the deed restrictions at issue here, are strictly construed and should not be enlarged by implication by the courts."[39]

Under this lens, I find the First Amendment is unambiguous. In pertinent part the First Amendment provides "enclosed vans and sport utility vehicles up to 10,000 pounds G.V.W. shall be permitted, provided they do not exceed a height of seven (7) feet."[40] This provides a carve out that certain vehicles are permitted if "they" are less than seven (7) feet tall. By using the pronoun "they," the drafters tied the height limitation back to the vehicles identified earlier in the clause, "enclosed vans and sport utility vehicles up to 10,000 pounds G.V.W." As written, it is the vehicles which may not exceed the height specifications.

The parties dispute, however, whether the "height" of a subject vehicle includes attachments or appendages, such as the rack and ladder. "Height" is not defined in the Declaration or the First Amendment, as such, I "may consult the dictionary, if that is deemed useful, when determining the term's plain meaning."[41]

---

[39] *Mendenhall Vill. Single Homes Ass'n v. Dolan*, 1994 WL 384579, at *2 (Del. Ch. July 13, 1994), *aff'd,* 655 A.2d 308 (Del. 1995).

[40] D.I. 2, Ex. 2.

[41] *Wenske v. Blue Bell Creameries, Inc.*, 2018 WL 3337531, at *10 (Del. Ch. July 6, 2018).

Merriam-Webster defines height, in pertinent part, as "the distance from the bottom to the top of someone or something standing upright[.]"[42]

But should the "something" to be measured include the rack and ladder? The Plaintiff argues yes, because the rack and ladder are akin to fixtures.[43] The Defendants disagree, likening the rack and ladder to "a hat on the head of a child when we take them to the doctor's office to determine their height[.]"[44] Although both analogies have merit, I find the "height" of a permitted "enclosed van" as used in the First Amendment does not include attachments or appendages.

"Deed restrictions are construed in accordance with their plain meaning in favor of a grantee [such as a homeowner] and against a grantor [such as a homeowners' association]."[45] Here, the plain meaning of the height of an enclosed van is the distance from the ground to the top of the van. To include in that construction attachments or appendages to the roof of the van would expand the First Amendment greater than its plain meaning, in favor of the Plaintiff and more

---

[42]     *Height*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/height (last visited June 28, 2022).

[43] *See* Tr. 5:18-6:6.

[44] Tr. 13:10-14.

[45] *Wild Quail Golf & Country Club Homeowners' Ass'n, Inc. v. Babbitt*, 2021 WL 2324660, at *3 (Del. Ch. June 3, 2021), *adopted*, (Del. Ch. 2021) (citations omitted, alterations in original).

restrictive on the Defendants. Such a construction would not be appropriate.[46]

Giving the clear and unambiguous terms in the First Amendment their ordinary

meaning and adhering to this State's strict construction of deed restrictions, I find

the height restriction does not include any attachment or appendages.[47]

With this construction, the Van is permitted. There is no dispute that the

Van's height is less than seven (7) feet. Because the Van is permitted under the First

Amendment, the Plaintiff cannot show a breach of the First Amendment; the

Plaintiff's motion for summary judgment should be denied and Defendants' cross-

motion granted.

---

[46] *Mendenhall Vill. Single Homes Ass'n*, 1994 WL 384579, at *2 ("Under Delaware law, restrictive covenants affecting real property, such as the deed restrictions at issue here, are strictly construed and should not be enlarged by implication by the courts.").

[47] I so hold based on the clear and unambiguous terms in the First Amendment, giving no weight to the proposed extrinsic evidence including the letters from the Board and Mr. Manubay. I also reject the Plaintiff's remining arguments. The Plaintiff posits, if the rack and the ladder are excluded, any homeowner could attach a 24-inch-tall ice cream cone to their enclosed van or sport utility vehicle, greatly exceeding the height contemplated by the First Amendment. D.I. 26. The Plaintiff also argues that height must include the rack and ladder because the Van could not drive under an overpass with a required clearance of seven (7) feet; if it cannot clear seven (7) feet, the vehicle must be more than seven (7) feet in height. *Id*. These commonsense appeals are unavailing. "Parties have a right to enter into good and bad contracts, the law enforces both." *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010). And, in so enforcing, the Court is bound by unambiguous terms, strictly construed against the grantor in the deed restriction context. If the developer wished to include appendages or attachments, it could have and should have done so at the drafting stage; I cannot now alter the clear and unambiguous terms of the First Amendment to impose greater restrictions on the homeowners.

## III.  CONCLUSION

For the above reasons, judgment should be entered in the Defendants' favor. There are no material facts in dispute, the First Amendment is unambiguous, and, as applied, the Van is expressly permitted. The Defendants' motion should be granted and the Plaintiff's denied.

This is my final report and exceptions may be filed under Court of Chancery Rule 144.

Respectfully submitted,

/s/ *Selena E. Molina*

Master in Chancery